[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-11115
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-01759-CV-WCO-1

ATLANTIC INVESTMENT MANAGEMENT HOLDING, LLC,

Plaintiff,

ATLANTIC INVESTMENT MANAGEMENT, LLC,

Plaintiff-
Counter Defendant-
Appellant,

versus

BEACON ROCK CAPITAL LLC,

Defendant-
Counter Claimant-
Third Party Plaintiff-
Appellee,

BEACON ROCK MANAGEMENT, LLC,

Defendant,

BLAKE SINGER,

Defendant-
Counter Claimant-
Appellee,

BRYANT JAKSIC,
MCDONALD INVESTMENTS, INC., et al.,

Defendants-Appellees,

THOMAS R. BAKER,

Third Party Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 14, 2006)**

Before MARCUS, WILSON and COX, Circuit Judges.

PER CURIAM:

Atlantic Investment Management LLC (AIM) filed a seven count complaint against Beacon Rock Capital LLC, Beacon Rock Management LLC, Margate Management LP, Blake Singer, Bryant Jaksic (collectively, "Beacon Rock") and McDonald Investments, Inc., Larry Bishop, and James Maxwell (collectively, "McDonald"). The complaint alleges that Beacon Rock breached a contract with AIM by failing to pay AIM agreed upon consulting fees and that all of the Defendants had conspired to and actually did defraud AIM of the consulting fees it was owed.

The district court granted summary judgment to the Defendants. AIM appeals the summary judgments on its breach of contract claim against Beacon Rock, its fraudulent inducement claim against McDonald, and its fraudulent misrepresentation claim against all Defendants.

After a thorough review of the briefs and the record on appeal, we affirm. AIM cannot prevail on its breach of contract claim for the reasons stated by the district court in its summary judgment order. (R.6-137 at 9-18.) AIM's claim for fraudulent inducement also fails as a matter of law because AIM has not presented evidence sufficient to raise a jury question regarding the falsity of the allegedly fraudulent representations at the time the representations were made. Finally, summary judgment was properly granted for Defendants on AIM's claims of fraudulent misrepresentation because AIM did not allege in its complaint nor present any evidence to the district court of damages that AIM sustained as a result of the alleged fraud that are separate and apart from the benefits AIM claims it should have received from the contract with Beacon Rock.[1]

**AFFIRMED.**

---

[1]On appeal, AIM argues that it incurred costs in uncovering the alleged fraudulent misrepresentations and that these costs are damages proximately caused by the fraud, separate and apart from any contract damages. This argument was not made in the district court, and we decline to consider it.